IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GATEWAY TRADE FINANCE, LLC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:08-cv-493-MEF |
| ) | |
| JEFF HOWELL ) | (WO) |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

Gateway Trade Finance, LLC ("Gateway") filed a Complaint (Doc. #1) on June 23, 2008, bringing a breach of contract claim against Howell Enterprises, LLC ("Howell Enterprises") and Jeff Howell ("Howell").  On January 23, 2009, the Court dismissed Howell Enterprises after Howell Enterprises filed a Notice of Bankruptcy.  *See* Doc. #28. This cause is before the Court on Gateway's Partial Motion for Summary Judgment (Doc. # 25)  against Jeff Howell, an Individual filed on November 12, 2008.  In its motion, Gateway argues that it is entitled to summary judgment because it is undisputed that Howell entered into a contract with Gateway and subsequently breached that contract. Gateway also seeks $569,441.72 in damages, costs, and attorneys' fees.  The Court agrees that Howell breached his contract with Gateway and finds that the motion for summary judgment is due to be GRANTED in part and DENIED in part for the reasons set forth in this Memorandum Opinion and Order.

## II. JURISDICTION AND VENUE

Jurisdiction over Plaintiff's claims is proper under 28 U.S.C. §§ 1332 (diversity). The parties do not contest personal jurisdiction or venue, and the Court finds adequate allegations in support of both personal jurisdiction and venue.

## III. SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-23.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions,

answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). On the other hand, a court ruling on a motion for summary judgment must believe the evidence of the non-movant and must draw all justifiable inferences from the evidence in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c).

## IV. FACTS

The Court has carefully considered all documents and affidavits submitted in support of the motion.[1] The submissions of Gateway, viewed in the light most favorable to the non-moving party, establish the following undisputed facts:

**A. Contract liability**

On May 4, 2007, Gateway and Howell Enterprises entered into a contract ("Agreement"). According to the Agreement, Gateway was responsible for purchasing and taking title to disassembled golf carts on behalf of Howell Enterprises. Howell

---

[1] Howell was given an opportunity to file an opposition brief but indicated to the Court orally that no response would be filed.

Enterprises then assembled the carts, held the carts in trust, and sold them to a third party. Howell Enterprises then paid some proceeds from the sales to Gateway.

Howell also entered into a contract ("Personal Guaranty") with Gateway to secure the Agreement between Gateway and Howell Enterprises. Neither Howell Enterprises nor Howell has paid all sums due to Gateway under the Agreement.

### B. Damages

Under the terms of the Agreement, Howell Enterprises's principal debt to Gateway is $295,428.38. The Agreement provides that interest on any amount Howell Enterprises owes to Gateway will accrue at a rate equal to Prime Rate plus five percent. In this case, Gateway contends that the applicable interest rate is 13.25% and the amount of interest accrued is $40,883.87.

The Agreement also states that Gateway is entitled to a commission fee of $117,924.36 on the carts which were sold out of trust and a reimbursement of $7,242.86 in costs and fees associated with the transaction. Gateway obtained $7,407.50 from the auction of some carts to offset some of Howell Enterprise's debt. As a result, Howell owes Gateway is $454,071.97. The Agreement additionally obligates Howell Enterprises to pay all costs of collection, including reasonable attorneys' fees, in the event of a default. Gateway represents in its brief in support of its motion for summary judgment that the reasonable attorneys' fees in this case were $115,369.75. However, Gateway has failed to provide the Court with any factual predicate for this assertion.

## V. DISCUSSION

In the State of Washington[2], interpretation of an unambiguous contract is a question of law and therefore appropriate for summary judgment. *Dice v. City of Montesano*, 128 P.3d 1253, 1257 (Wash. 2006). To prevail on a breach of contract claim on summary judgment, a party must show that there are no issues of material fact as to (1) the existence of a contract, (2) a material breach of that contract, and (3) resulting damage. *St. John Med. Ctr. v. State ex re. Dep't of Soc. & Health Servs.*, 38 P.3d 383, 390 (Wash. Ct. App. 2002); *see also Travelers Cas. & Sur. Co. of Am. v. Johnson*, No. 26165-4-II, 2008 WL 309699, at *2 (Wash. 2008).

Here, there is no dispute of fact that a contact existed between Howell and Gateway, that Howell materially breached that contract, and that Gateway was damaged by the breach. Because no reasonable fact finder could find that Gateway did not show Howell breached the Personal Guaranty, Gateway is entitled to judgment as a matter of law on the issue of contractual liability.

While Gateway asserts that Howell owes it a total amount of $569,441.72 and the

---

[2] When a federal court decides a state law claim it applies the choice-of-law rules of the jurisdiction in which it sits. *Benchmark Med. Holdings, Inc. v. Rehab Solutions, LLC*, 307 F. Supp. 2d 1249, 1258-59 (M.D. Ala. 2004) (Albritton, C.J.) (citing *Boardman Petroleum, Inc. v. Federated Mut. Ins. Co.*, 135 F.3d 750, 752 (11th Cir. 1998). In contractual disputes where the contract contains a choice of law provision, Alabama law requires the court to apply the law of the sovereign that the parties have chosen. *Stovall v. Universal Constr. Co., Inc.*, 893 So. 2d 1090, 1102 (Ala. 2004). Here, the Agreement contains a choice of law provision that specifies that it should be interpreted in accordance with the law of the State of Washington. Consequently, this Court finds that the Agreement will be construed according to Washington law.

undisputed facts establish most of that sum, the Court cannot find that the amount of attorneys' fees is an undisputed fact even absent any argument to that effect by Howell. For this reason, the Court cannot grant judgment as a matter of law on the record now before it.

## VI. CONCLUSION

For the reasons set forth in this Memorandum Opinion and Order, the Court finds that Plaintiff Gateway Trade Finance, LLC. is entitled to judgment as a matter of law on the issue of liability. Accordingly, it is hereby ORDERED as follows:

(1) Defendant's Motion for Summary Judgment (Doc. # 25) is GRANTED in part and DENIED in part;

(2) The trial and pretrial in this matter are CANCELLED;

(3) The Court shall conduct an evidentiary hearing as to the amount of the judgment on July 15, 2009 at 9:00 AM in Courtroom 2A in Montgomery, AL after holding an evidentiary hearing on damages.

DONE this the 29th day of May, 2009.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE